STATE, EX REL. JOHN G. TRUSDELL, RELATOR, v. JOHN G. SCOTT, BUILDING INSPECTOR OF THE CITY OF EAST ORANGE, RESPONDENT.

Submitted October 15, 1926—Decided June 27, 1927.

**Zoning—Garages in Medium Volume Residence District—Relator Has Sustained the Burden of Showing the Unreasonableness of the Ordinance—Peremptory Writ of Mandamus Allowed.**

On return to an alternative writ of *mandamus*.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the relator, *Charles Jones.*

For the respondent, *Walter C. Ellis.*

PER CURIAM.

This is a zoning case. The relator applied for and was allowed an alternative writ of *mandamus*. A return to the alternative writ has been filed. No demurrer has been filed to the return. No point is made by the respondent of the

failure to file a demurrer. The case is before us on facts stipulated.

The relator owns a plot of land in East Orange located on the westerly side of North Munn avenue, between Park avenue and William street. The plot has a frontage of two hundred and fifty and fourteen-hundredths feet on North Munn avenue and a depth of one hundred and twenty-five feet. East Orange has a zoning ordinance. The relator's property is located in what is termed a "medium volume residence district." The relator desires to build two public garages on his lot with stores located in the front of the buildings. The buildings will be on each side of a fifty-feet-wide entrance to the garages. The front line of the garages will be fifteen feet back of the front line of the stores which are to be erected on the ordinary building line of the street. The relator's property is zoned against the erection of garages. On this ground a building permit was refused.

In *Portnoff* v. *Bigelow*, 4 *N. J. Mis. R.* 539, it was said that the burden was upon the relator to show the unreasonablenses of the ordinance. This the relator in the present case undertakes to do. North Munn avenue is a thoroughfare fifty feet wide. It is smoothly paved. The street is one upon which there is little traffic. The traffic seeks Parkway, which runs parallel with North Munn avenue. There is no traffic congestion on North Munn avenue. Apartment-houses have been erected on Arlington avenue, which is parallel to North Munn avenue on the west. There are also apartment-houses on Park avenue. Approximately a dozen apartment-houses are located in the immediate locality. Each accommodates from fifty to sixty families. The nearest public garage is two and one-half blocks from the relator's property. The relator contends that there is a necessity for public garages in this locality. Photographs admitted in evidence showing the environments of the relator's lot are persuasive of the relator's contentions. North of the relator's lot there is a vacant lot. In the rear of his lot are brick apartment-houses. On the south is a vacant lot. Opposite there is an armory where horses are kept. The

photograph of the armory shows the horses walking around in an inclosure in front of the armory. Adjoining the armory lot twenty-five individual garages have been erected.

We see no reason affecting the public health, safety or general welfare which should prevent the use of the relator's land for the purpose it is best adapted. In the case of *State v. Garner,* 4 *N. J. Mis. R.* 234 (not officially reported), the garage question is considered. We are of the opinion that the reasoning in *State* v. *Garner, supra,* although the facts are different, controls the instant case.

A peremptory writ of *mandamus* is awarded.